UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

UNITED STATES OF AMERICA        CRIMINAL NO. 05-50046

versus                          JUDGE STAGG

DERRICK L. FIELDS               MAGISTRATE JUDGE HORNSBY

# REPORT AND RECOMMENDATION[*]

Defendant is charged in a three count indictment with being a felon in possession of a firearm, possession of a stolen firearm and a forfeiture count. Before the court is Defendant's Motion to Suppress (Doc. 14). Defendant argues the search warrant in question is defective due to a lack of specificity regarding the place to be searched or the items to be seized. Defendant also argues the warrant was not supported by probable cause because the informant relied upon in the application for the warrant was not shown to be credible or previously reliable. For the reasons that follow, it is recommended that Defendant's Motion to Suppress be denied.[1]

---

[*] This Report and Recommendation is not intended for commercial print or electronic publication.

[1] No hearing has been held on Defendant's motion, because Defendant acknowledged in his supporting memorandum that the motion can be resolved by examining the four corners of the application and the search warrant.

**Vagueness**

Defendant argues the warrant fails to provide any particularity with regard to the place to be searched or the items to be seized. That is incorrect. The place to be searched, 3632 Stonewall, Shreveport, Louisiana, is specifically described by type of construction, color and location, even to the point of describing its exact location as the seventh structure from the 2400 block of Jewella Street on the north side of the 3600 block of Stonewall Street. The warrant also specifies that the house numbers (3632) are "black in color and displayed vertically on the right side of the door visible from the street...." Thus, the location of the premises to be searched is precisely described in the warrant.

Defendant's related argument, that the warrant fails to identify any specific item that is the subject of the search, also is without merit. The warrant plainly states there is probable cause to believe that stolen property, consisting of numerous firearms, power tools and jewelry, is located within the premises to be searched. Therefore, the items sought by the search were sufficiently identified.

**Probable Cause**

Defendant contends there was no probable cause to authorize the search. Defendant argues the informant, Jimmy Creel, was not shown to be credible or to have been previously reliable. However, Defendant overlooks the officer's corroboration of Creel's involvement in the underlying burglaries, as well as the detailed information provided by Creel.

According to the affidavit in support of the warrant, an alleged burglary took place on June 14, 2004 at a home on Louisiana Highway 157 in Bossier Parish.  During the investigation, it was learned that a gun and tools were missing.  Shoe prints and tire prints were obtained from the yard of the residence.  A similar burglary occurred along the same road on July 26, 2004.  Taken from the residence were guns, jewelry, tools and pottery.  The affidavit also recites that, on other occasions, a man approached other houses in the area (where no vehicles were present) and knocked on doors allegedly looking for "a person selling a boat" or looking for a man named "James Brown."  The man is said to have driven to the houses in a dark blue or black car.  A person in one of the homes approached by this man identified the car as a Dodge Intrepid.

The informant, Jimmy Creel, was found driving a car matching that description in the area.  Creel gave inconsistent reasons for his being in the area.  He then consented to having his vehicle (a Dodge Intrepid) and tires photographed.  The car was later identified as being the same type of car seen approaching one of the houses.  Creel's photograph also was displayed, and he was identified as the person who had approached one of the houses.  Tire prints taken from the yard of one of the residences matched the tires on Creel's car.

According to the affidavit, Creel was arrested for burglary, and, post-Miranda, he admitted to breaking into houses along Highway 157.  He also admitted to taking the stolen items "to a residence on Jewella Avenue" to trade the items for crack cocaine.  Creel was

driven to the residence located at 3632 Stonewall (the subject of the search warrant), where he pointed out the residence at which the stolen property was traded for drugs.

Based on the detail provided by the officer in his application for the warrant, and the officer's corroboration of Creel's involvement in the burglaries, the court finds there was probable cause to authorize the search of the residence at 3632 Stonewall. Creel and his car were seen at some of the houses; he offered conflicting explanations for his presence in the area; tire prints from one yard matched the tires on Creel's car; and Creel admitted the burglaries post-Miranda. When presented with this level of detail and corroboration, the state court judge acted properly in finding probable cause to search the house identified by Creel.

Accordingly,

**IT IS RECOMMENDED** that Defendant's Motion to Suppress be **DENIED**.

## Objections

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ. Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed.R.Civ.P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this the 1st day of September, 2005.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE

cc: Judge Stagg