RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 10, 25, 05
BY OM

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

UNITED STATES

versus

DERRICK L. FIELDS

CRIMINAL NO. 05-50046-01
JUDGE TOM STAGG

## BENCH RULING

Federal Rule of Evidence 404(b) provides that evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

In order to admit evidence of other bad acts committed by the defendant, the court must follow the two-prong test employed by the Fifth Circuit Court of Appeals in United States v. Orange Jell Beechum, 582 F.2d 898, 911 (5th Cir. 1978). The court must first determine whether

the evidence of the other act is relevant to an issue other than the defendant's character. Beechum, 582 F.2d at 911. Next, the court must determine whether the probative value of the evidence is substantially outweighed by its undue prejudice and whether the evidence meets the remaining requirements of Federal Rule of Evidence 403. Id. Because Rule 403 prohibits the admission of otherwise relevant evidence if the evidence leads to results such as unfair prejudice, confusion of the issues, or the misleading of the jury, it should be used sparingly. United States v. Morris, 79 F.3d 409, 412 (5th Cir. 1996).

To measure the probative value of the proposed evidence, the court must consider the overall similarity between the extrinsic act and the charged act. Beechum, 582 F.2d at 915. Furthermore, the court must consider the temporal remoteness of the extrinsic offense, for "temporal remoteness depreciates the probity of the extrinsic offense." Id.

The government desires to introduce Fields's prior conviction for felony theft to prove motive, opportunity, knowledge, intent, and lack of mistake or accident in the case at bar. Considering the arguments of the

parties, the court finds that Fields's prior felony conviction is relevant to the instant issue. Further, the probative value this piece of evidence offers is not substantially outweighed by the prejudice it may cause, if any, to Fields. Accordingly, I find exclusion of the evidence unwarranted and admit the prior felony conviction into evidence.

**Dated and signed** at Shreveport, Louisiana, this 25th day of October, 2005.

_____
Judge Tom Stagg